**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BP PRODUCTS NORTH**
**AMERICA, INC.,**

    **Plaintiff,**

**v.**                                           **Case No. 8:06-cv-435-T-17TBM**

**JACK CECCARELLI,**

    **Defendant.**
                                  /

**O R D E R**

THIS MATTER is before the court on **BP's Motion for Sanctions for Defendant's Failure to Comply with the Discovery and Disclosure Rules of the Court** (Doc. 15). By its motion, Plaintiff seeks an Order sanctioning Defendant, pursuant to Fed. R. Civ. P. 37, for failing to produce documents and information as required by Rules 26, 33, and 34. According to Plaintiff, it has not received any Rule 26(a)(1) disclosures from Defendant to date and Defendant has not responded to its Interrogatories or Request for Production of Documents, which were served on September 20, 2006.[1] As sanctions, Plaintiff requests that Defendant be precluded from relying upon any documents or witnesses not disclosed to it as of the November 20, 2006, discovery cut-off in this case,[2] including those undisclosed documents on which Defendant now attaches to his belated dispositive motions. Plaintiff also seeks the fees

---

[1] Plaintiff concedes that Defendant produced a "small amount of items" at his deposition on October 24, 2006, but has received nothing additional thereafter.

[2] On January 24, 2007, the district judge granted Plaintiff's motion for leave to propound discovery out of time and ordered that such be completed within 60 days. (Doc. 23).

and costs associated with the filing of its instant motion.  Defendant, who is proceeding *pro se*, has not filed a response to Plaintiff's motion.  A hearing on this matter was conducted on February 22, 2006.[3]

Upon consideration, **BP's Motion for Sanctions for Defendant's Failure to Comply with the Discovery and Disclosure Rules of the Court** (Doc. 15) is **GRANTED in part** and **DENIED in part**.  The motion is granted to the extent that Defendant shall, within <u>ten (10) days</u> of the date of this Order, respond in writing to the disclosure requirements of Rule 26(a)(1) and produce any and all documents on which he intends to rely in defense of this litigation.  Consistent with the district judge's Order (Doc. 23) granting Plaintiff's motion (Doc. 22) to propound discovery out of time, discovery may proceed on this matter, including the right to re-depose the Defendant.  Plaintiff's request for Rule 37 sanctions, in particular, the request for attorney's fees associated with the filing of its instant motion, is granted.  Within <u>fifteen (15)</u> days from the date of this Order, counsel for the Plaintiff shall submit an affidavit of their expenses associated with the bringing the motion.  In all other regards, the motion is denied.

**Done and Ordered** in Tampa, Florida, this 26th day of February 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[3] After the hearing, Plaintiff filed a supplemental memorandum in support of its motion without the permission of the court.  By that pleading, Plaintiff asserts that, contrary to Defendant's representation at the hearing, in filing the bankruptcy case, Defendant personally swore that the amount due and owing Plaintiff was $175,000, and Plaintiff submits copies of the bankruptcy record in support of its assertions.  (Doc. 26).  The court makes no finding at this time as to whether the Defendant has confessed to owing that amount to the Plaintiff.

2