UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BP PRODUCTS NORTH
AMERICA, INC.,

    **Plaintiff,**

v.                                        Case No. 8:06-cv-435-T-17TBM

JACK CECCARELLI,

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court *sua sponte*. Previously, the court granted in part Plaintiff BP's Motion for Sanctions for Defendant's Failure to Comply with the Discovery and Disclosure Rules of the Court (Doc. 15). See (Doc. 28). In ruling on the motion, the court granted Plaintiff's request for reasonable fees and costs, and directed Plaintiff's counsel to file an affidavit for the court's consideration detailing the fees and costs associated with its Motion for Sanctions (Doc. 15). Id. Plaintiff's counsel has now filed such an affidavit, requesting a total of $5,408.00 in fees. See (Doc. 29 at 3-5). The Defendant, who is proceeding *pro se*, has not filed any objections regarding the fees sought.

Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery. Rule 37(a)(4)(A) provides in pertinent part:

> If the motion [to compel] is granted . . ., the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the

>disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Thus, under certain circumstances, the court must award reasonable expenses, including attorney's fees, for a party's failure to participate in discovery.

Having already concluded that Plaintiff is entitled to reasonable fees incurred in filing its Motion for Sanctions, the court has examined the affidavit of fees submitted by counsel and concludes that, except for the hours requested for drafting a motion for enlargement of discovery deadlines (.8 hours) and preparing the fee declaration (2.5 hours), as well as the senior attorney time (6.4 hours), the hourly rates and time expended appears reasonable.[1] Upon my review, the time sought for drafting a motion for enlargement of discovery deadlines (.8 hours) is not compensable under the court's order and they are denied. The hours sought by senior counsel are excessive and duplicative of the work performed by the associate attorney. These hours are reduced to 2.0 hours total. The hours expended on the affidavit are reduced by one-half or 1.25 hours.

Accordingly, Defendant is hereby **ORDERED** to pay Plaintiff $4,078.00 as sanctions for his failure to participate in discovery as set forth in the court's February 26, 2007, Order.

**Done and Ordered** in Tampa, Florida, this 6th day of April 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] Ms. Phillips bills for 21.3 hours at the hourly rate of $160.00 per hour and seeks a total of $3,376.00. By the court's calculation, she is entitled to $3,408.00.